United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEANETTE MOLEX,**<br><br>         **Plaintiff,**<br><br>     vs.<br><br>**THE CITY AND COUNTY OF SAN FRANCISCO,**<br><br>         **Defendant.** | **Case No.: C-4:11-1282-YGR (KAW)**<br><br>**ORDER** |

This case has been referred to the undersigned for discovery purposes. *See* 28 U.S.C. § 636(b)(1)(A). On April 19, 2012, the parties submitted a joint letter regarding a discovery dispute. *See* Dkt #36. For the following reasons, the court rules in plaintiff's favor and orders defendant to produce the requested documents.

### I.     Background

Plaintiff, a former MUNI driver, seeks the production of documents relating to the MUNI accident that lead to her termination. Defendant, the City and County of San Francisco, refuses to produce the documents, arguing that they are attorney-client privileged.

It is unclear from the joint letter how many documents are sought and who authored each of the documents. The first paragraph of the parties' letter states that the dispute is "regarding documents authored by plaintiff that the City has withheld." Defendant writes in the next paragraph that "the documents, listed on a privilege log, are Accident/ Incident Reports regarding the August 4, 2008 accident that led to Plaintiff's termination, authored by Plaintiff, the other driver involved in the

accident and an Inspector immediately following the event." The parties did not attach defendant's privilege log.

Following a subsequent telephone conference with Judge Gonzalez Rogers, however, the parties submitted a similar but non-privileged accident report to the court. Based on a review of this similar document, it appears that the documents at issue are reports authored by plaintiff and/or the other driver involved in the accident, at the request of and in collaboration with a MUNI inspector.

**II.     Legal Standards**

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. *See* Dkt #1. In federal question cases, privileges are determined under federal law. *See* Fed. R. Evid. 501. But where federal law is unsettled, federal courts may resort to state law analogies for the development of a federal common law of privileges. *Jaffe v. Redmond*, 518 U.S. 1, 14 (1996). State law privileges are not controlling in federal question cases. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519, n.6 (9th Cir. 1987) (documents that were privileged under state law were discoverable in federal civil rights action).

The attorney-client privilege protects communications between a client and an attorney from disclosure: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). *See also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002) ("At the outset, we note that the privilege protects communications, not underlying evidence").

Because defendant is asserting the privilege, it has the burden of proof to show that the documents are privileged. *See Weil v. Inv./ Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Unlike the privacy and work-product limitations on the scope of discovery, the attorney-client privilege is absolute; a court cannot weigh or balance the privilege against the need for the information. *See Rhone-Poulenc v. Home Indem. Co.*, 32 F.3d 851, 852 (3d Cir. 1994). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

### III.     Analysis

As noted above, the attorney-client privilege only protects communications between a client and a lawyer for the purpose of obtaining legal advice. *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002).

Here, plaintiff did not create the reports at issue for the purpose of obtaining legal advice. Instead, it appears that the reports were prepared as a matter of routine after the accident occurred. *See* Joint Letter at 2 ("Muni Inspectors are dispatched to incidents and accidents relating to Muni revenue vehicles to prepare accident/ incident reports for transmission to the City Attorney."). Plaintiff's portion of the joint letter states that plaintiff never sought legal advice from the City Attorney.

In addition, plaintiff was not acting as a client in an attorney-client relationship in filling out the accident report. Defendant does not argue that, at the time the reports were created, plaintiff thought that the City Attorney was going to represent her in any potential litigation. Moreover, if plaintiff was the client in the attorney-client relationship, she would be the holder of the privilege and could waive the privilege at will. *See Graf*, 610 F.3d 1156 (attorney-client privilege only covers communications that are protected at the client's instance).

Because plaintiff did not create the reports for the purpose of obtaining legal advice from her attorney, the reports are not attorney-client privileged. *See Garcia v. City of El Centro*, 214 F.R.D. 587, 590 (S.D. Cal. 2003) (reports prepared by claims adjuster after interviewing two police officers were not privileged because "Even if the interviewing claims adjuster were an attorney..., the attorney-client privilege would not attach because Officers Hernandez and Beltran were not seeking legal advice from the claims adjuster. The claims adjuster's capacity here was principally to determine whether to pay Plaintiff's claim, not to offer legal advice to Officers Beltran and/or Hernandez....Additionally, the claims adjuster was conducting the interviews on behalf of its client, Defendant City, not Officers Beltran and/or Hernandez").

A similar analysis applies to any reports prepared by the other driver involved in the accident at the request of the MUNI Inspector. The other driver was not being represented by the City

Attorney at the time that he or she filled out the report, and he or she did not fill out the report for the purpose of obtaining legal advice.

Defendant argues that the holder of the privilege--the client in the attorney-client relationship--is not plaintiff, but the City itself.[1] *See* Joint Letter at 2 ("Although Plaintiff authored certain Accident/ Incident reports, the City, not Plaintiff, is the holder of the attorney-client privilege which attaches to these documents bearing confidential communications."). The reports prepared by the MUNI Inspector, plaintiff, and the other driver conveyed factual information regarding the accident, not communications by the City for the purpose of obtaining legal advice. Although defendant claims that the reports were transmitted to the City Attorney's office and kept confidential, such treatment of an unprivileged document does not by itself create privilege. *See*, *e.g.*, *Marceau v. I.B.E.W.*, 246 F.R.D. 610, 613 (D. Ariz. 2007) ("The fact that attorneys were retained to prepare the Report and that the Report is marked as an attorney-client privileged document are not dispositive of the issue. Rather what controls is the purpose of the activity."). *See also HSS Enterprises, LCC v. Amco Ins. Co.*, 2008 WL 163669 (W.D. Wash. Jan. 14, 2008) (holding that attorney-client privilege did not attach where attorneys were acting as couriers of factual information rather than as legal advisors); *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986) (The attorney-client privilege is "not dependent whatsoever upon the anticipation of litigation, but instead depends upon the nature of the relationship involved.").

Defendant cites a California case from 1954 in support of its argument that reports prepared at the direction of an employer by employees in anticipation of litigation are attorney-client privileged. *See Holm v. Superior Court*, 42 Cal. 2d 500 (Cal. 1954).[2] But because this is a federal question

---

[1] Defendant appears to cite *Thomas v. Cate*, 715 F. Supp. 2d 1044-45 (E.D. Cal. 2010) for the proposition that the City, rather than plaintiff, is the holder of the privilege. Joint Letter at 2. The portion of the case that defendant cites merely states "that a government entity may invoke attorney-client privilege in the civil context." *Thomas*, 715 F. Supp. 2d at 1045. Defendants also cite *United States v. Ferrell*, 2007 WL 2220213 at *3 (E.D. Cal. 2007), for the same proposition, but *Ferrell* involved a criminal defendant who sought legal advice from attorneys. In this case, plaintiff was not seeking legal advice from the City Attorney in filling out the reports at issue.

[2] Regardless, *Holm* does not completely support defendant's position. The plaintiff in *Holm* was a railway passenger who sued the city and the city's bus driver for personal injury. *Holm*, 42 Cal. 2d at 504. She sought discovery of a document containing a statement made by her to a claims investigator.

lawsuit, federal law applies. *See* Fed. R. Evid. 501. State law may only be considered by way of analogy if federal law is unsettled. *See Jaffe*, 518 U.S. at 14. Here, federal law is not unsettled; the attorney-client privilege only attaches to communications made for the purpose of obtaining legal advice, and the communications at issue here do not fall into this category. *Holm*'s reasoning is at odds with controlling federal authority; therefore, it is inapplicable to this case.

Because the court finds that the documents are not privileged, it does not address plaintiff's argument that defendant has waived any applicable privilege, and the parties' request for *in camera* review of the documents is denied.

### IV.    Conclusion

The documents plaintiff seeks are not attorney-client privileged. Accordingly, it is hereby ordered that defendant shall produce the documents by May 23, 2012.

DATE: May 18, 2012

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

---

as well as written reports by the bus driver and photographs of the scene. *Id.* Although the court found that some of the reports and photographs at issue were privileged, it found that the documents memorializing plaintiff's statements were *not* privileged. *Id.* at 508-09. *See also Suezaki v. Superior Court of Santa Clara County*, 58 Cal. 2d 166, 176 (Cal. 1962) (discussing *Holm* and overruling it to the extent it held that "all photographs taken by an investigator and transmitted to an attorney for use on trial are privileged").