UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEANETTE MOLEX,** | **Case No.: C-4:11-1282-YGR (KAW)** |
| **Plaintiff,** | **ORDER** |
| vs. | |
| **THE CITY AND COUNTY OF SAN FRANCISCO,** | |
| **Defendant.** | |

This case has been referred to the undersigned for discovery purposes. *See* 28 U.S.C. § 636(b)(1)(A). The parties have submitted several joint letters regarding discovery disputes. Two of the joint letters are untimely. *See* Dkt # 50, 56, 57. [1]

The non-expert discovery cutoff date in this case was April 27, 2012. *See* Dkt #35 (Judge Gonzalez Rogers' order granting continuance). The last day to file a joint letter was therefore May 4. *See* Local Rule 37-3 ("no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off"). The parties filed the two untimely joint letters on May 7 and 9.

On May 3, plaintiff filed a motion to defer consideration or deny defendant's summary judgment motion pursuant to Rule 56(d), claiming that defendant had delayed the filing of the joint letters. Plaintiff's declaration attests that he sent plaintiff's portion of two of the joint letters (apparently corresponding with the letters later filed at Dkt #48 and 50) to defense counsel on April 23. Dkt #47-1 at 2. Defense counsel did not respond. Plaintiff's counsel sent a follow-up email on April 25, and defense counsel replied that she would "not be able to submit the City's portion of the

---

[1] Docket entries 56 and 57 are copies of the same joint letter.

joint discovery letters within the timeframe requested." *Id.* Plaintiff's counsel sent two more joint letters on April 26 (one of which apparently corresponds with Dkt #56). Plaintiff claims that by May 3, 2012, defense counsel had not provided defendant's portion of the letters.

As noted above, the untimely joint letters were filed on May 7 and 9. Nearly two weeks after the deadline to file the joint letters, defendant filed its opposition to plaintiff's motion to defer consideration or deny defendant's motion for summary judgment. Dkt #63. In this filing, defense counsel writes,

> ...between April 23 and April 26, the day before the discovery cutoff, Plaintiff sent Defendant her portion of several joint discovery letters regarding many of the issues addressed in this motion....The City provided its portion of the *majority* of those joint letters *as soon as possible*. As of May 8,[2] the parties have submitted four joint discovery letters. However, had Plaintiff exercised more diligence, most if not all of these outstanding discovery issues could have been resolved much earlier.

*Id.* at 16 (emphasis added). Defense counsel does not deny that it did not provide its portion of the joint letters in time to meet the filing deadline, but it does argue that plaintiff could have begun the process of resolving the discovery issues sooner.

Neither of the parties has submitted any explanation to date regarding what took place between May 3, when plaintiff claims that defendant had not provided its portion of the joint letters, and May 9, when the last of the joint discovery letters was filed. Nor has plaintiff explained why she did not prepare her portions of the joint statement sooner.

///
///
///

---

[2] Although the parties dated their final joint letter May 8, the letter was not filed on the court's docket until 11:21 a.m. on May 9. Dkt #56. A second copy of the letter was filed on May 9 at 5:42 p.m. Dkt #57.

Accordingly, it is hereby ORDERED:

1. Within two business days of the date of this order, plaintiff may file a request to have the two joint letters deemed timely filed, demonstrating excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

2. Within one day of the date of plaintiff's filing, defendant may file an opposition to plaintiff's request.

**DATE: May 18, 2012**

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**