# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEANETTE MOLEX,** | **Case No.: C-4:11-1282-YGR (KAW)** |
| **Plaintiff,** | **ORDER** |
| vs. | |
| **THE CITY AND COUNTY OF SAN FRANCISCO,** | |
| **Defendant.** | |

As explained in the undersigned's May 18, 2012 order, two of the parties' joint letter briefs regarding discovery disputes were filed late. *See* Dkt # 50, 56, 57. Pursuant to the May 18 order, the parties have filed briefs and declarations explaining the untimeliness. Dkt # 67, 68.

The parties agree that plaintiff completed its portions of the joint letters in time for the letters to be filed before the deadline, but defendant did not. *See* Dkt # 67-1 at 1 (plaintiff's counsel attesting that he "had completed Plaintiff's portion of all four joint letters and delivered them via email to Defendant's counsel on April 23 and 26, 2012, over a week in advance of the filing deadline"); Dkt # 68-1 at 3 (defendant's counsel attesting that she "was not able to provide Defendant's submissions in time for the parties to file the letters by the May 4[] deadline."). As an excuse, defendant's counsel attests that from April 18 to May 3, she had to "attend several collective bargaining meetings lasting numerous hours" as well as prepare a motion for summary judgment in this case. Dkt # 68-1 at 2-3. But defendant did not ask for an extension of time to complete the letters. Regardless, having to attend several long meetings and prepare one motion for summary

1  judgment (which was filed on April 24, ten days before the deadline for filing the joint letters) in a
2  two-week period is not a sufficient excuse for missing a court deadline.

3  Because defendant caused the joint letters to be untimely without good cause, the court
4  disregards defendant's portions of the joint letters.  *See* Local Rule 37-3 ("no motions to compel fact
5  discovery may be filed more than 7 days after the fact discovery cut-off"); *Wood v. Santa Barbara*
6  *Chamber of Commerce*, 705 F.2d 1515, 1519 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984)
7  (district court did not abuse its discretion in striking untimely affidavits in opposition to summary
8  judgment motion where party failed to request extension of time or show excusable neglect).

9  Plaintiff claims that defendants have failed to produce all documents responsive to her
10 requests for production, numbers 2, 14 and 15.  Within five days of the date of this order, defendant
11 shall produce all non-privileged documents responsive to these requests.  If defendant has already
12 produced all such documents, defendant shall provide plaintiff with a declaration explaining how
13 defendant's diligent search for the documents was conducted and attesting that no responsive
14 documents can be located.  If defendant withholds documents on the basis of privilege, defendant
15 shall provide plaintiff with an itemized privilege log complying with federal law.

16 Plaintiff also claims that defendants have not produced a deponent to fully testify regarding
17 categories 8 ("Any and all arbitration decisions modified by Nathaniel Ford from 2004-2010") and
18 10 ("Any and all recommendations by Debra Johnson to modify an Arbitrator's decision from 2004-
19 2010") of plaintiff's Rule 30(b)(6) notice.  Although Debra Johnson testified at a previous
20 deposition, defendant would not allow her to testify about any specific instances where Ford rejected
21 an arbitrator's decision or she recommended that an arbitrator's decision be rejected.  *See* Dkt #57 at
22 12-13 ("we have agreed to produce a witness to testify as to this category minus specific individual
23 cases to preserve these individuals' privacy rights...with respect to [category 10] it's the same thing").
24 ///
25 ///
26 ///
27
28

Accordingly, within 14 days of the date of this order, defendant shall produce a deponent to testify regarding categories 8 and 10 of plaintiff's Rule 30(b)(6) notice. The information plaintiff seeks can be disclosed in a deposition without violating individuals' privacy rights. Any objections at the deposition on the basis of privacy must be made in good faith and supported by federal law.

It is so ordered.

**DATE: May 25, 2012**

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**