UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEANETTE MOLEX,

      Plaintiff,

      vs.

THE CITY AND COUNTY OF SAN FRANCISCO,

      Defendant.

Case No.: C-4:11-1282-YGR (KAW)

ORDER

This case has been referred to the undersigned for discovery purposes.  *See* 28 U.S.C. § 636(b)(1)(A).  The parties have submitted a joint letter regarding the adequacy and preparedness of a deponent Defendant produced in response to Plaintiff's Fed. R. Civ. P. 30(b)(6) requests.  *See* Dkt #48.

In response to categories 1 and 4 of Plaintiff's Rule 30(b)(6) deposition notice (maintenance of historic streetcars/ trains at MUNI from 2004 to 2010, and all damages to trains as a result of the accident which resulted in Plaintiff's termination), Defendant made various objections but produced Karl Johnson, an Acting Superintendent of maintenance at San Francisco Municipal Transportation Authority (SFMTA).  Plaintiff claims that Johnson was not adequately prepared for the deposition and requests that the court order Defendant to produce "a fully educated and prepared witness" to testify about categories 1 and 4.

///

///

///

I.      **Factual Background**

Defendant produced Johnson for deposition on April 17, 2012.  Johnson testified that he had prepared for the deposition for 45 minutes the week before at the City Attorney's office.  Johnson Depo. Tr. at 10:5.

With respect to category 1, Johnson did not know when the historic streetcar Plaintiff had been driving on August 4, 2008, the date of the incident, had last had preventative maintenance, even though that information was available in the SPEAR computer system (also known as SHOPS). *Id.* at 20:1-12, 38:13-18.  He did not look at any of the daily preventative maintenance records for the streetcar.  *Id.* at 31:23-32:7, 41:2-10, 47:2-13.  In fact, he did not review any data from SHOPS in preparation for the deposition.  *Id.* at 41:2-5.  With respect to the brakes on the car that Plaintiff was driving at the time of the accident, Johnson testified, "I didn't look through the [daily maintenance reports].  So there could've been a problem and—you know, I didn't go look." *Id.* at 54:17-19.

Johnson did look at some records for the car Plaintiff was driving from one year before the accident.  *Id.* at 48:18-24.  He referred to these records as "preventative maintenance things, procedures—sorry, not 'things,'" and, later, as "preventative maintenance functions." *Id.* at 48:18-21, 50:9-10.  When asked why he limited his review to one year, although he was designated to testify regarding the time period from 2004-2010, Johnson stated that he was "just curious to see what was going on." *Id.*

Johnson did not review maintenance records for any historic streetcars other than the one that Plaintiff was driving at the time of the accident.  *Id.* at 51:6-10.  Nor did he review any maintenance records for the other car that was involved in the accident, even though it was also a historic streetcar.  *Id.* at 51:18-24.

With respect to category 4, all damages to trains as a result of the accident, Defendant objected and produced Johnson to testify only on the narrower category of the estimate of the repair done by the SFMTA.  Dkt #48 at 4.  Johnson testified that he reviewed only the damage estimates for the two cars involved in the accident, as well as some photographs.  Johnson Depo. Tr. at 78:21-79:2.  As to actual repairs that were made, Johnson stated, "I will do my best" but "this is not

United States District Court
Northern District of California

necessarily my area of expertise." *Id.* at 88:11-15.  Defense counsel objected that plaintiff's counsel "appears to be getting into the topic of repair of the damage that was caused as opposed to the damage itself.  And I don't know that this witness...is knowledgeable about the actual repairs that were done." *Id.* at 86:19-25.

## II.    Law

Under Rule 30(b)(6), the proponent "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  The responding entity then has an affirmative duty to educate and to prepare the designated representative for the deposition.  *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 558 (D. Mont. 2009); *Sprint Commc'n Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006).  *See also Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("a corporation has 'a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter'").

The responding party must produce "a prepared witness on designated topics ...not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008), citing *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 137, 141 (D.D.C. 1998).  *See also United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (1996) (A 30(b)(6) deponent may testify to more than just what he or she personally knows, because the deponent speaks for the organization as a whole).  "Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Concerned Citizens of Belle Haven v. The Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004).

## III.    Analysis

Defendant's section of the joint letter discusses, at length, its objections to Plaintiff's deposition notice.  Specifically, Defendant notes that it objected that category 1, maintenance of historic streetcars/ trains at MUNI from 2004 to 2010, was overbroad, irrelevant to Plaintiff's claims,

United States District Court
Northern District of California

1   and failed to set forth with reasonable particularity the matters on which examination was requested;

2   and that category 4 failed to set forth with reasonable particularity the matters on which examination

3   was requested.[1]

4        With respect to category 1, Defendant appears to be making two arguments: first, that

5   Defendant's objections to the category were valid, and so it had no obligation to produce a fully

6   prepared witness in response to the category, even though Defendant actually did produce Johnson;

7   and second, that the questions that Johnson did not know the answers to during the deposition were

8   outside of the scope of category 1.

9        Both of Defendant's arguments are unavailing.  Defendant admits that it produced Johnson to

10  testify regarding the entirety of category 1, and claims that Johnson was "in fact fully prepared to

11  testify and did testify about SFMTA's maintenance practices with respect to historic street cars

12  during the period 2004 to 2010," although it also claims that it produced Johnson to testify regarding

13  category 1 "[w]ithout waiving its objections."  Dkt #48 at 3.

14       It is Defendant's burden to show discovery should not be allowed, and to clarify, explain, and

15  support its objections.  *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007), citing

16  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Defendant has not met its burden

17  with respect to category 1.  Defendant claims that category 1 seeks irrelevant information because

18  "[m]aintenance of historic street cars at SFMTA has absolutely no bearing on whether" Plaintiff

19  violated spacing regulations or received sufficient process before she was terminated.  Dkt #48 at 3.

20  But Plaintiff claims that the accident was actually caused by brake failure on the historic streetcar

21  that she was driving, and that Defendant did not allow that evidence to come to light in Plaintiff's

22  termination proceedings.  Thus, discovery into maintenance on that streetcar and similar streetcars is

23  relevant to Plaintiff's claim; that is, the discovery seems to be reasonably calculated to lead to the

24  discovery of admissible evidence.  *See*, *e.g.*, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625,

25  635 (9th Cir. 2005).  Defendant has not offered any clarification of its objections that category 1 is

26  overbroad or fails to set forth, with reasonable particularity, the matters on which examination is

27

28  [1] Defendant objected to the deposition notice on additional grounds not discussed in the parties' joint letter.  The court does not address any objections that Defendant did not raise in the joint letter.

United States District Court
Northern District of California

requested.  Its portion of the joint letter appears to equate these two objections, but offers no further analysis.  *See* Dkt #48 at 3 (citing case for the proposition that "overbroad categories do not describe subject matter with sufficient particularity").  Nor does Defendant support its implicit assertion that it could preserve these objections despite producing Johnson to testify to the entire category.

Defendant's second argument—that the questions to which Johnson did not know the answers were outside of the scope of category 1—is also unavailing.  *See id.* (Defendant's argument that "[p]laintiff's notice did not describe with reasonable particularity that the witness be prepared to testify about minute details regarding maintenance of 1807 street car during a six year period, or any other specific streetcar" and "[p]laintiff's counsel never indicated that the deponent should be prepared to discuss minute details of a particular car").  The plain reading of the phrase "maintenance of [h]istoric streetcars...from 2004 to 2010," however, includes maintenance on each particular historic streetcar during that time.  *Id.* at 1.  Indeed, Defendant admits that even though "it was arguably not in the scope of the designated category," Johnson prepared for the deposition by reviewing "each preventative maintenance record for...the car driven by Plaintiff at the time of the accident, for the year preceding the accident."  *Id.* at 3.  Defendant offers no explanation—and indeed, cannot—for why maintenance records for that particular year would "arguably" be within the scope of category 1, while it simultaneously asserts that the scope of category 1 excludes details of maintenance on any specific historic streetcar.  Moreover, Plaintiff's questions regarding maintenance on the two streetcars involved in the accident, and more specifically, brake problems on the car that Plaintiff was driving at the time of the accident, are not seeking "minute details"—these are some of the most foreseeable and relevant questions within the category.

With respect to category 4, all damages to trains as a result of the accident, Defendant argues only that it objected that the request "failed to set forth the topics with sufficient[] particularity" and that therefore Defendant produced Johnson only to testify to the narrower category of the estimate of the damages rather than actual damages caused by the accident.  Dkt #48 at 4.  Defendant's objection is overruled.  The category 4 description is clear, and Defendant's attempt to unilaterally limit the scope of discovery by narrowing the category to only estimates of damages, rather than actual damages, is improper.

Accordingly, it is hereby ORDERED that by June 12, 2012, Defendant shall produce a deponent to testify in response to categories 1 and 4 of Plaintiff's Rule 30(b)(6) notice.

**DATE: May 31, 2012**

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
Northern District of California