UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE MOLEX, | Case No. C-11-01282-YGR |
| Plaintiff, | **ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL IN SUPPORT OF SUPPLEMENTAL BRIEFING REGARDING SUMMARY JUDGMENT** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |

This Order addresses two administrative motions to seal pending before the Court: (1) Administrative Motion to File Plaintiff's Exhibits in Support of Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment under Seal (Dkt. No. 82); and (2) Defendant's Administrative Motion to File Certain Documents Under Seal Pursuant to Civil Local Rule 79-5 (Dkt. No. 85).[1]  The Exhibits consist of the deposition transcript of Defendant's 30(b)(6) witness and documents produced by Defendant in this action relating to employment decisions for third-party employees.  Defendant designated all of the Exhibits "Confidential" under the Stipulated Protective Order in this action.  (*See* Dkt. No. 78 ("Protective Order").)

As a preliminary matter, the Court notes that Plaintiff's Motion falls under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party."  L.R. 79-5(d) states that a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule.  "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the

---

[1] The Court will refer to Plaintiff's Administrative Motion (Dkt. No. 82) as "Plaintiff's Motion," and Defendant's Administrative Motion (Dkt. No. 85) as the "Defendant's Motion."  The documents sought to be sealed in Plaintiff's Motion and Defendant's Motion will collectively be referred to as "Exhibits."

designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d). Plaintiff filed her Motion based on Defendant's confidentiality designations and Plaintiff's obligation to file such motion under the Protective Order. Defendant, however, did not file a declaration establishing that the designated exhibits at issue in Plaintiff's Motion are sealable, nor did counsel lodge and serve a narrowly-tailored proposed sealing order or withdraw the designation of confidentiality. *See* Civ. L.R. 79-5(d).

In Plaintiff's Motion, counsel describes the Exhibits as "contain[ing] employee disciplinary decisions including private, confidential information" and states that the request to seal is "narrowly tailored" because they relate to matters designated "Confidential." Plaintiff's Motion at 1–2. In Defendant's Motion, counsel asserts that the Exhibits "contain confidential personnel information regarding several former City employees who are not party to this action" and therefore Defendant seeks to "protect the privacy of third parties referred to in the documents and testimony, as well as the confidentiality of this personnel information." Defendant's Motion at 1.

A motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006)). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679. Given the importance of the competing interests at stake, any sealing order must be narrowly tailored. Civ. L.R. 79-5(a). "A stipulation . . . that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." *Id.*

Because both motions implicate Exhibits that have been designated Confidential by Defendant, it is Defendant's burden to show that there are compelling reasons to justify sealing that outweigh public interest or disclosure of the documents, and to provide the Court with a narrowly-tailored sealing order. The Court finds that Defendant has not met its burden with regard to either Plaintiff's or Defendant's Motion. Public interest and disclosure have not been addressed in either motion, nor has Defendant addressed why the Exhibits entitled to protection under the law. *See* Protective Order ¶ 12.3; Civ. L.R. 79-5(a). Moreover, having independently reviewed the Exhibits, the Court is not convinced that the Exhibits, in their entirety (including the deposition transcripts) must be sealed.

For these reasons, the Court **DENIES** both Plaintiff's and Defendant's Motions. However, the Court recognizes that, despite Defendant's failure to support its designation of Confidentiality or to meet its burden under Civ. L.R. 79-5 and the Protective Order, there is private information of third-party employees contained in the Exhibits. The identities of these third-party employees are not germane to the issues that must be resolved on summary judgment. As such, the Court will permit the parties to file redacted versions of the Exhibits omitting the names of the third-party employees. Such redacted Exhibits shall be filed by Monday, July 9, 2012 at 5:00 p.m. *See* Civ. L.R. 79-5(e).

If, despite the redacted material, Defendant believes that sealing of all or a portion of the Exhibits is still necessary, Defendant (as the designating party) may file an additional Administrative Motion to Seal that meets the burden set forth herein and in Civ. L.R. 79-5 and the Protective Order. Defendant's counsel must give notice to Plaintiff's counsel by July 5, 2012 if it intends to file an additional motion to seal. Such motion must be filed by Monday, July 9, 2012 at 5:00 p.m.

This Order terminates Dkt. Nos. 82 & 85.

**IT IS SO ORDERED.**

Dated: July 3, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**